Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| JOSÉ RODRÍGUEZ ROMÁN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202300553 | Revisión Judicial Procedente del Departamento de Corrección y Rehabilitación<br><br>Remedio Administrativo Núm.:<br>ICSH-90-23<br><br>Sobre:<br>Respuesta de Reconsideración |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de diciembre de 2023.

El 24 de octubre del año en curso, el Sr. José M. Rodríguez Román (en adelante, señor Rodríguez o el recurrente) sometió ante este Tribunal de Apelaciones una *Moción en solicitud de demanda daños y perjuicio violación de derechos civiles,* mediante la cual nos solicita la revisión de la *Respuesta de reconsideración al miembro de la población correccional,* emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, DCR o Departamento). Por virtud del aludido dictamen, la División de Remedios Administrativos confirmó el cálculo de la *Hoja de control sobre liquidación de sentencia,* con fecha del 4 de abril de 2023.

Evaluado el legajo apelativo, y por las razones que más adelante explicaremos, desestimamos el recurso de epígrafe.

I

Según se desprende del expediente, el 4 de abril del 2023 se le notificó al recurrente su *Hoja de Control sobre liquidación de sentencias,* en la que se indicó que su pena extingue el 13 de agosto de 2028. Inconforme con

Número Identificador

SEN2023 _____

ello, el señor Rodríguez instó la *Solicitud de remedios administrativos* número ICSH-90-23 en la que señaló que el 15 de enero de 2016 fue resentenciado por el Tribunal de Primera Instancia, disminuyéndose la pena a la que fue condenado. Ante ello, reclamó que procedía la reevaluación de su caso y la corrección de su hoja de liquidación. El 21 de agosto de 2023, la División de Remedios Administrativos emitió su *Respuesta al miembro de la población correccional*. En esta, la Sra. Lizbeth Rodríguez le informó al recurrente que su caso fue reliquidado por el Coordinador de la Región Norte, que este funcionario había indicado en varias ocasiones que el recurrente no ha cumplido sentencia, que cuando el Coordinador estuviera disponible se consultaría nuevamente el caso, sosteniéndose en que la fecha de cumplimiento de sentencia era aquella indicada en la hoja (13 de agosto de 2028). El 2 de septiembre de 2023, el recurrente solicitó reconsideración de la respuesta. Esta fue denegada mediante *Respuesta de reconsideración al miembro de la población correccional*.

Insatisfecho aun, el recurrente instó el recurso de epígrafe. En este, no hace ni discute señalamiento de error específico. No obstante, de su escrito surge claramente su inconformidad con el cálculo realizado en la hoja de liquidación que anejó a su escrito. Igual de claro queda que la razón de su desacuerdo descansa en que entiende que el haber sido resentenciado con una pena menor significa que ya extinguió la totalidad de su sentencia y debe ser liberado.

Atendido el recurso, mediante *Resolución* del 10 de noviembre de 2023, concedimos diez días al DCR para que proveyera copia de la *Respuesta de Reconsideración al Miembro de la Población Correccional* de la cual se recurre. Ello con el fin de poder auscultar nuestra jurisdicción. Posteriormente, le ordenamos a someter su posición en cinco días. En cumplimiento, el 7 de diciembre de 2023, el DCR sometió *Escrito en cumplimiento de Resolución y solicitud de desestimación*.

## II

### -A-

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley. Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007). Ello es así, toda vez que la ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal. Allied Mgmt. Group v. Oriental Bank, *supra*; Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239, 250-251 (2012). De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo.

### -B-

En lo concerniente al asunto de epígrafe, es importante señalar que el Artículo 4.006 de la Ley de la Judicatura de Puerto Rico, 4 LPRA Sec. 24, *et seq.*, dispone, entre otras cosas, que este Tribunal de Apelaciones conocerá mediante recurso de revisión judicial de las decisiones, órdenes y resoluciones finales de organismos y agencias administrativas. De igual forma, y en cuanto a ello, la Sección 4.2 de la *Ley de Procedimiento*

*Administrativo Uniforme del Gobierno de Puerto Rico*, establece que una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios ante esta, podrá presentar una solicitud de revisión ante este foro apelativo.[1] La solicitud de revisión deberá ser sometida dentro del plazo de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia.[2]

## III

Mediante su *Escrito en cumplimiento de Resolución y solicitud de desestimación* el DCR reclama la falta de jurisdicción de este Tribunal de Apelaciones para atender el recurso instado por el recurrente. La ausencia de jurisdicción señalada descansa en que el escrito sometido por el señor Rodríguez se trata realmente de una reclamación de daños y perjuicios. Ante ello, afirma que se trata pues de una cuestión sobre la cual la agencia y este foro carecen de jurisdicción para atender mediante el proceso administrativo seguido. De igual manera, y en la alternativa, argumenta que procede desestimar el recurso de epígrafe, ya que dentro del proceso administrativo ante la agencia el recurrente no hizo reclamo alguno bajo la Ley 85-2022, disposición legal que ahora cita escuetamente. Afirmativamente, sostiene que, de interesar procurar un reclamo relacionado con la Ley 85-2022, deberá hacerlo mediante la presentación de una nueva solicitud de remedio administrativo ante la agencia en la que exponga puntualmente su posición.

Como es conocido, los asuntos jurisdiccionales, por ser privilegiados, deben ser resueltos con preferencia. Por eso, y con tal propósito, hemos estudiado el recurso sometido por el recurrente. Así hecho, resolvemos que, si bien el escrito del señor Rodríguez hace alusión

---

[1] 3 LPRA Sec. 9672.
[2] Igual plazo está establecido en la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 57, para someter el escrito inicial de revisión administrativa.

a disposiciones legales relacionadas a la concesión de daños y perjuicios, una lectura de este documento y aquellos que sometió ante el DCR, demuestra que su reclamo trata y señala su inconformidad con el cálculo realizado por la agencia recurrida en la hoja de liquidación que anejó a su escrito. Similarmente obvio es que el motivo de su desacuerdo se basa en que, a su juicio, al haber sido resentenciado con una pena menor, ya cumplió la pena que le fue impuesta.

Por lo tanto, concluimos que no estamos ante un asunto en el que se reclama compensación monetaria por daños y perjuicios. Abona a nuestra decisión el que en su súplica reitera su interés de que se reclasifique la Sentencia conforme la *Re-sentencia* emitida por el Tribunal de Primera Instancia, Sala de Mayagüez en el caso criminal núm. ISCR201400617. De igual manera, el mero hecho de que el recurrente no haya citado la Ley 85-2022 en su solicitud de remedio administrativo o en la solicitud de reconsideración que presentó frente a la repuesta del DCR al remedio y sí ante este Tribunal de Apelaciones no anula el recurso administrativo, ni justifica la desestimación peticionada por el DCR.

Ahora bien, en el escolio 9 de su comparecencia, el DCR informa que el 16 de agosto de 2023 el recurrente fue notificado de una nueva *Hoja de Cotejo de Liquidación de Sentencia*. Copia de este documento fue provisto por la Oficina del Procurador General y al examinarla notamos que en esta se establece que la "[l]iquidación anterior se deja sin efecto". Por consiguiente, el documento que el recurrente intentó cuestionar mediante la solicitud de remedios administrativos que motiva este recurso al día de hoy no está vigente. La *Hoja de Cotejo de Liquidación de Sentencia* que aplica en estos momentos al caso del recurrente es aquella notificada con posterioridad a la solicitud de remedios que instó ante la agencia. Del señor Rodríguez no estar conforme con el cálculo allí efectuado, en la cual inclusive se alega la aplicación de la Ley 85-2022, podrá someter una nueva solicitud de remedio

administrativo mediante la cual pueda exponer todos los argumentos bajo los cuales sostiene su inconformidad con la nueva hoja de cotejo.

IV

Por los fundamentos antes expuestos, desestimamos el recurso por académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones